## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MICHAEL GATLIN,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 21-cv-432 (APM)** |
| **UNITY HEALTHCARE,** | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

### I.

Pro se Plaintiff Michael Gatlin alleges that over a period of nine months Unity Healthcare ("Unity") negligently treated him—by failing to provide adequate pain medication or order an MRI—for pain from a left-shoulder injury that he sustained on September 2, 2017, while he was an inmate at the District of Columbia Jail ("the Jail").  Notice of Removal, ECF No. 1, Compl., ECF No. 1-1 [hereinafter Compl.], at 1; Def.'s Mem. of P. & A. in Supp. of Def.'s Mot., ECF No. 10 [hereinafter Def.'s Mem.], Ex. 1 [hereinafter Administrative Tort Claim].  Unity at the time was a federally certified provider of medical services at the Jail, which means Plaintiff was required to file any tort claim with the Department of Health and Human Services ("HHS") before filing suit.  He did so on January 10, 2020.  Administrative Tort Claim.  HHS sent him a letter on July 21, 2022, notifying him that his claim was denied for lack of timeliness.  Def.'s Mem., Ex. 3 [hereinafter Denial Letter], at 48–49.[1]  Then, on September 1, 2020, Plaintiff filed this damages

---

[1] The United States attached its exhibits to its sealed memorandum in a single document.  Citations to the exhibits therefore use the ECF pagination.

action against Unity in D.C. Superior Court.  Compl.  It was removed to this court in February 2021.  Notice of Removal, ECF No. 1.

Before the court are the United States' motion to substitute itself as defendant and its motion to dismiss or, in the alternative, for summary judgment, Def.'s Combined [1] Mot. to Substitute U.S. as Def. Pursuant to 42 U.S.C. § 233(g)(1)(A), & [2] Mot. to Dismiss or, in the Alternative, for Summ. J., ECF No. 9 [hereinafter Def.'s Mot.], and Plaintiff's cross-motion for summary judgment, Pl.'s Cross-Mot. for Summ. J., ECF No. 22 [hereinafter Pl.'s Cross-Mot.]. For the reasons outlined below, the court grants the United States' motions to be substituted as defendant and for summary judgment and denies Plaintiff's cross-motion for summary judgment.

## II.

Plaintiff seeks money damages for claims arising from medical treatment that Unity and its employees provided while he was detained at the Jail.  The United States argues that pursuant to the Federal Tort Claims Act ("FTCA"), it "is the only proper defendant in a suit cognizable under the FTCA that is a tort suit seeking monetary damages for medical malpractice allegedly caused by entities deemed Public Health Service employees," like Unity, and so it should be substituted as defendant in this action.  Def.'s Mem. at 5.  The court agrees.

The FTCA provides an "exclusive" remedy against the United States for personal injuries resulting from the acts or omissions of entities "deemed to be an employee of the Public Health Service."  42 U.S.C. § 233(g)(1)(A).  "Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, . . . the proceeding [shall be] deemed a tort action brought against the United States." 28 U.S.C. § 2679 (d)(1).  In this case, Brian P. Hudak, Acting Chief of the Civil Division, United States Attorney's Office for the District of Columbia, has certified that Unity "was acting as a

deemed employee of the Public Health Service at the time of the alleged incident."  Notice of Removal, ECF No. 1, Certification, ECF No. 1-2 [hereinafter Attorney General's Certification].

The Attorney General's certification that the defendant was acting in the scope of his employment "is *prima facie* evidence of that fact." *Jacobs v. Vrobel*, 724 F.3d 217, 220 (D.C. Cir. 2013).  Such a certification raises a rebuttable presumption that the United States should be substituted as defendant.  *Id.*  "To rebut the certification, the plaintiff must allege, in either the complaint or a subsequent filing, specific acts that, taken as true, would establish that the defendant's actions exceeded the scope of his employment."  *Id* at 220–21 (internal quotation marks and alterations omitted).  Here, Plaintiff presents no such facts.  Instead, he merely argues that "Unity was not acting in the service of the United States but was in fact acting in service of the government of Washington DC."  Pl.'s Opp'n to Def's Mot., ECF No. 21 [hereinafter Pl.'s Opp'n], at 1.[2]  Not so.  Per the Federally Supported Health Centers Assistance Act, Unity is a grantee of HHS; employees of such grantees act within the scope of their employment as if they are employees of the Public Health Service.  *See* 42 U.S.C. § 233(g)–(n); Attorney General's Certification; *see also, e.g.*, *Young-Bey v. Unity Medical Healthcare*, 217 F. Supp. 3d 304, 308 (D.D.C. 2016).  Plaintiff has not met his burden to rebut the Attorney General's certification that Unity employees who treated him in the Jail were acting in the scope of their employment.

In sum, the United States has "demonstrate[d] that . . . the FTCA is [P]laintiff's sole route to recovery" and "[t]he United States is the only proper defendant."  *Young-Bey*, 217 F. Supp. 3d at 308.  The United States is therefore substituted as the sole defendant in this case.  *See id.* (treating

---

[2] Citations to Plaintiff's opposition reference ECF pagination.

pro se "plaintiff's claims as if they had been brought against the United States directly" even though he had not named the United States in his complaint).

### III.

The United States has also moved to dismiss Plaintiff's complaint for failure to state a claim or, in the alternative, for summary judgment on the basis that Plaintiff's claim is time barred by the FTCA's two-year statute of limitations.  Def.'s Mem. at 3, 7.  It attaches to its motion Plaintiff's medical records as well as documentation related to his administrative tort claim, acknowledging that the court may consider these documents only for purposes of the motion for summary judgment.  Def.'s Mem. at 2 n.3.  The court considers these attached documents and therefore treats the motion as one for summary judgment, not as a motion to dismiss.  *See Colbert v. Potter*, 471 F.3d 158 (D.C. Cir. 2006) (explaining that a district court has discretion to convert a motion to dismiss to a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court").

### A.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A "genuine dispute" of a "material fact" exists when the fact is "capable of affecting the substantive outcome of the litigation" and "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Elzeneiny v. District of Columbia*, 125 F. Supp. 3d 18, 28 (D.D.C. 2015).

In assessing a motion for summary judgment, the court looks at the facts in the light most favorable to the nonmoving party and draws all justifiable inferences in that party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  To defeat a motion for summary

judgment, the nonmoving party must put forward "more than mere unsupported allegations or denials"; its opposition must be "supported by affidavits, declarations, or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial" and that a reasonable jury could find in its favor.  *Elzeneiny*, 125 F. Supp. 3d at 28 (citing FED. R. CIV. P. 56(e)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

## B.

Construing Plaintiff's filings liberally,[3] he has brought two claims in this action.  First, Plaintiff alleges that Unity negligently treated his left-shoulder injury for nine months starting in September 2017.  Compl. at 1; Administrative Tort Claim.  Second, Plaintiff contends that Unity committed negligence by prescribing Naproxen for his left-shoulder injury for an extended period of time.  Pl.'s Opp'n at 2.  The court takes these claims in reverse order.

### 1. Naproxen Claim

Plaintiff alleges that Unity negligently prescribed him the anti-inflammatory medicine Naproxen starting in June 2018.  Pl.'s Opp'n at 2.  He asserts that he "received Naproxen for the next 13 months only to later find out later . . . that long term use of [the] medication is toxic to the human body."  *Id*.  The United States has moved for summary judgment on this claim on the basis that the court lacks subject matter jurisdiction over it.  The court agrees.

---

[3] Documents filed by pro se plaintiffs are "to be liberally construed."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).  While parties are generally not permitted to amend their pleadings with their opposition brief, *Hajjar-Nejad v. George Wash. Univ.*, 802 F. Supp. 2d 166, 175 (D.D.C. 2011), "all filings by *pro se* plaintiffs should be read together in assessing" their allegations, *Richardson v. United States*, 93 F.3d 545, 548 (D.C. Cir. 1999).  Here, Plaintiff's opposition and cross-motion introduce new theories of medical negligence and malpractice related to Unity's prescription of Naproxen for Plaintiff's shoulder pain.  Pl.'s Opp'n at 2; Pl.'s Cross-Mot. at 2.  The new Naproxen claim did not appear in Plaintiff's complaint, but it arises from the same incident referenced in his original complaint.  The court will treat Plaintiff's opposition and cross-motion as amending his complaint and analyze the Naproxen claim against the United States' motion.

The United States argues that Plaintiff failed to exhaust available remedies for his Naproxen-related medical malpractice claim, as he must do under the FTCA. Mot. to File Under Seal, ECF No. 26, Combined [1] Reply in Further Supp. of Def.'s Mot. & [2] Mem. in Opp'n to Pl.'s Cross-Mot., ECF No. 26-2, at 6–7. The Act makes clear that a claimant must "first have presented [his] claim to the appropriate Federal agency, and his claim shall have been finally denied by the agency in writing," before the claimant can file a legal action. 28 U.S.C. § 2675. This exhaustion requirement is jurisdictional and cannot be waived. *See Simpkins v. District of Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997).

Plaintiff filed only one administrative tort claim: the one he filed with HHS on January 10, 2020. Administrative Tort Claim. The statement of facts Plaintiff attached to his administrative tort claim mentions that he was prescribed Naproxen in June 2018 and that he took it, on and off, until his release from the Jail in July 2019. *Id.* at 26–31. But the claim nowhere references any injury arising from Plaintiff's use of Naproxen over that thirteen-month period. It therefore does not "describe the alleged injury with sufficient particularity to allow the agency to investigate and assess the strength of" Plaintiff's Naproxen claim. *GAF Corp. v. United States*, 818 F.2d 901, 919–20 (D.C. Cir. 1987). As a result, Plaintiff has not exhausted his Naproxen claim, *see id.*, and the court lacks subject matter jurisdiction over it. Defendant's motion for summary judgement on the Naproxen Claim is granted, and Plaintiff's cross-motion is denied insofar as it pertains to this claim.

### 2. Left-Shoulder Claim

Plaintiff's complaint alleges that Unity providers negligently treated his left-shoulder injury (sustained on September 2, 2017) over a nine-month period by failing to provide him adequate pain medication and an MRI. Compl. (asserting claim for "refusing to address [his]

medical needs . . . during the 9 months after [he] reported [an] injury"); Pl.'s Opp'n at 2; Administrative Tort Claim at 24 (explaining that "[t]he base of this case is that once [he] was injured in DC jail (09/02/17) [he] was refused treatment for that injury); Def.'s Mem., Ex. 1 [hereinafter Medical Records], at 40–44 (documenting treatment for left-shoulder pain).   As mentioned above, Plaintiff filed an administrative tort claim with HHS on January 10, 2020. Administrative Tort Claim.   In that administrative claim, he alleged that in September 2017, employees of Unity "refused treatment" for a left-shoulder injury he sustained on September 2, resulting in "9 months of excruciating pain and suffering."   *Id.* at 24–25.[4]   After HHS denied Plaintiff's administrative claim as untimely, he filed this action on September 1, 2020, in D.C. Superior Court.   Compl.

The FTCA provides that "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."   28 U.S.C. § 2401(b); *see also Olaniyi v. District of Columbia*, 763 F. Supp. 2d 70, 87 (D.D.C. 2011).   The United States contends that it is entitled to summary judgment because Plaintiff did not file his administrative claim within this two-year period.   Def.'s Mem. at 8. Plaintiff disputes that the FTCA provides the relevant statute of limitations.   Instead, he argues that the FTCA's reference to state law elsewhere in the statute means that the three-year statute of limitations for tort claims under D.C. law governs.   *See* Pl.'s Opp'n at 4 (citing 28 U.S.C. § 1346 (conferring exclusive jurisdiction to federal district courts for tort damages actions against the

---

[4] The court has construed the complaint Plaintiff filed in this legal action to relate to a nine-month period of treatment for his left shoulder starting in September 2017 even though his complaint does not specify which shoulder his claims relate to or provide any dates for the injury or treatment at issue.   The court does so by viewing the complaint together with the administrative tort claim and medical records.   Plaintiff's administrative tort claim identifies his September 2, 2017, shoulder injury and its subsequent treatment as the "base of this case" and discusses treatment he received in September 2017, and his medical records indicate that treatment was for an injury to his left shoulder.   Administrative Tort Claim at 24; Medical Records.   Because this is the only treatment-related issue he raised in his administrative claim, it is the only claim he has exhausted, and, in turn, the only claim over which the court has jurisdiction.

United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred")). Plaintiff is incorrect.  The FTCA's reference to substantive state law in its jurisdictional provision does not displace the Act's explicit creation of a federal statute of limitations for the claims against the United States that it enables.  The FTCA's two-year limitations period governs this case.

Having concluded that the FTCA's two-year statute of limitations applies, the court must determine when Plaintiff's cause of action accrued and whether he brought his claim within the requisite two years from that accrual date.  A cause of action under the FTCA accrues "by the time a plaintiff has discovered both her injury and its cause." *Olaniyi*, 763 F. Supp. 2d at 87–88 (internal quotation marks and alteration omitted).  In the instant case, the United States argues that the date of accrual should be sometime in September 2017, "when [Plaintiff] claims he sought treatment for a shoulder injury and was diagnosed as 'well.'"  Def.'s Mem. at 9; Pl.'s Opp'n at 4.  Indeed, the record confirms that Plaintiff knew of his alleged injury and its cause in September 2017. According to his medical records, on September 15, 2017, Plaintiff sought out medical care and received Motrin for left-shoulder pain.  Medical Records at 45.  The record further shows that, after expressing persisting discomfort, Plaintiff requested an X-ray on September 27, 2017, which yielded normal results on September 28, 2017.  *Id.* at 40–42.  Based on these facts, Plaintiff was aware of his injury (ongoing left-shoulder pain from his September 2 injury) and its cause (inadequate treatment) between September 15 (the date he initially received treatment, including Motrin) and September 28 (the date he received normal X-ray results without any request for further follow up).  Since Plaintiff failed to present his claims in writing to the appropriate Federal

agency within two years of any date in September 2017, the court grants summary judgment in favor of the United States.[5]

**IV.**

For the foregoing reasons, the court grants Defendant's Combined (1) Motion to Substitute the United States as the Defendant Pursuant to 42 U.S.C. § 233(g)(1)(A), and (2) Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 9, and denies Plaintiff's Cross-Motion for Summary Judgment, ECF No. 22.

A final, appealable order will follow.

Dated:  March 25, 2022

                    Amit P. Mehta
          United States District Court Judge

---

[5] The FTCA's statute of limitations is not jurisdictional, *see United States v. Kwai Fun Wong*, 575 U.S. 402, 405 (2015), but courts equitably toll it "only sparingly" and will not do so "where a plaintiff failed to exercise due diligence in preserving his legal rights or showed only a garden variety claim of excusable neglect." *Norman v. United States*, 467 F.3d 773, 775–76 (D.C. Cir. 2006).  Here, Plaintiff has made no argument that the requisite "extraordinary and carefully circumscribed circumstances" for equitable tolling are present.  *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 580 (D.C. Cir. 1998).  The court therefore does not reach the question of equitable tolling.